**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0675

ANGELO GOLATT #597501

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

*DATE OF JUDGMENT:*     DEC 2 7 2024

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 739316, SECTION 22

HONORABLE BEAU HIGGINBOTHAM, JUDGE

* * * * * *

| | |
|---|---|
| Angelo Golatt<br>St. Gabriel, Louisiana | Plaintiff-Appellant<br>Angelo Golatt, *Pro Se* |
| Jericha Remondet<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellant<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: AFFIRMED.

**Chutz, J.**

Angelo Golatt, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the Department) appeals a district court judgment dismissing his petition for judicial review of a final agency decision. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Pursuant to a plea bargain, Golatt pled guilty in 2012 to four counts of forcible rape,[1] violations of La. R.S. 14:42.1, and was sentenced to forty years imprisonment at hard labor on each count with the first five years of the sentences to be served without benefit of probation, parole, or suspension of sentence. All of the sentences were made concurrent. In 2023, Golatt filed a grievance, Administrative Remedy Procedure (ARP) #EHCC-2023-440, requesting correction of the parole eligibility date on his master prison record. Golatt asserts the date noted by the Department is incorrect because the plea agreement he signed and the sentences imposed by the trial court provided he was eligible for parole after serving the first five years of the sentences.

The Department denied Golatt's ARP for the following reasons:

> In your Administrative Remedy request, you stated that the judge sentenced you to 40 years and ordered that the 1st 5 years of your sentence be served without probation, parole, or suspension of sentence. You requested that your parole eligibility date (PED) be adjusted to 3/29/16.

> In reviewing your file, it is shown that the judge did sentence you with the 1st 5 years without probation, parole, or suspension of sentence. However, the law states that if a crime is both a sex offense and a crime of violence, you become parole eligible after serving 85%. That would put your PED at 3/28/45. …

Golatt's ARP was denied at the second step on the same grounds. Thereafter, Golatt filed a petition in the Nineteenth Judicial District Court (19th JDC) seeking judicial

---

[1] In 2015, La. R.S. 14:42.1 was amended by La. Acts Nos. 184 and 256, which redesignated forcible rape as second degree rape. See *State v. LaFrance*, 17-1013 (La. App. 1st Cir. 2/16/18), 2018 WL 914244, at *1 (unpublished), writ denied, 18-0395 (La. 10/8/18), 253 So.3d 799.

review of the Department's decision, and it was assigned to a commissioner for review. In her report, the commissioner explained that, in determining Golatt's parole eligibility date, reference must be made not only to the statute for forcible rape, La. R.S. 14:42.1, which provides at least two years of the sentence must be served without the benefit of parole, but also to the parole eligibility requirements found in La. R.S. 15:574.4. At the time of Golatt's sentencing in 2012, La. R.S. 15:574.4(B) required that offenders convicted of violent crimes such as forcible rape serve at least eighty-five percent of the imposed sentences before becoming parole eligible. Thus, the commissioner concluded the parole eligibility date determined by the Department was not arbitrary, capricious, manifestly erroneous, or violative of Golatt's constitutional or statutory rights and recommended the dismissal of his petition. Adopting the commissioner's report as its reasons, the district court signed a judgment on February 21, 2024, dismissing Golatt's petition for judicial review, with prejudice and at his cost. Golatt now appeals.

## DISCUSSION

Any offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure is entitled under the Louisiana Corrections Administrative Procedure Act to institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. The review is confined to the record and limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may reverse or modify the agency decision "only if substantial rights of the appellant have been prejudiced" because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in

3

view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9). *Robinson v. Department of Public Safety & Corrections*, 23-0600 (La. App. 1st Cir. 11/9/23), 383 So.3d 190, 192. On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, the *de novo* standard of review is applicable. *Barnes v. Louisiana Department of Public Safety & Corrections*, 24-0042 (La. App. 1st Cir. 9/20/24), ____ So.3d ____, 2024 WL 4245564, at *2.

For each of the four counts of forcible rape to which Golatt pled guilty, he was subject to imprisonment at hard labor for not less than five years and not more than forty years, with at least two years of the sentence to be imposed without benefit of probation, parole, or suspension of sentence. La. R.S. 14:42.1(B). On March 19, 2012, the trial court sentenced Golatt to concurrent terms of forty years at hard labor on each count, ordering the first five years of each sentence be served without benefit of probation, parole, or suspension of sentence. He was given credit for time served since the date of his arrest on March 29, 2011.

Golatt contends "the sentencing court unquestionably and specifically" provided "that [he] be parole eligible after serving five years of his sentence, which sentence was imposed pursuant to a plea agreement." Accordingly, he argues his parole eligibility should be determined strictly in accordance with the trial court's sentencing order, making him parole eligible after serving five years of his sentences. Golatt asserts his master prison record, which currently reflects a parole eligibility date of March 28, 2045, is incorrect and should be amended to reflect a parole eligibility date of March 29, 2016, in accordance with the trial court's sentencing order.

These same arguments were rejected by this court in *Robinson*, 383 So.3d at 192-93, a case with facts almost identical to the instant case. Robinson, an inmate in the custody of the Department, also was convicted of forcible rape and sentenced,

4

like Golatt, under La. R.S. 14:42.1 pursuant to a plea agreement. Robinson was sentenced to imprisonment for thirty-five years at hard labor, with two years of the sentence to be served without benefit of probation, parole, or suspension of sentence. He filed an ARP challenging the Department's determination of his parole eligibility date. *Id.* at 191. He requested his master prison record be corrected to reflect the terms of his plea bargain, which he argued would make him eligible for parole after serving two years of his sentence. After his ARP was denied by the Department and the district court dismissed his petition for judicial review, he appealed to this court. *Id.* This court affirmed the district court's dismissal of Robinson's petition for judicial review, explaining its rationale as follows:

> What Robinson fails to recognize, however, is that our courts have distinguished between parole eligibility and eligibility for parole consideration. The two are distinct and different matters. Parole eligibility is determined by the sentence. Eligibility for parole consideration, however, is dependent upon meeting certain criteria and conditions specified by statute. It is clear that an inmate who has parole eligibility set forth under his sentence may not be eligible for parole consideration under statutory law. The Department determines parole eligibility pursuant to the directives of La. R.S. 15:574.4.
>
> Contrary to Robinson's contentions, nothing about his imposed sentence establishes his eligibility for parole consideration. Such a determination is the sole function of the Department and stems from La. R.S. 15:574.4 rather than the forcible rape statute. As expressed by the commissioner, Robinson failed to offer any evidence that he became eligible for parole consideration after serving only the first two years of his sentence. We find no error in the district court's ruling. The Department's determination regarding the petitioner's parole eligibility date was neither arbitrary or capricious, nor in violation of any constitutional or statutory provision.

*Robinson*, 383 So.3d at 192-93 (citations omitted).

We believe this rationale applies equally to the instant case. Accordingly, for the reasons expressed by this court in *Robinson*, we find no error in the district court's dismissal of Golatt's petition for judicial review. The Department's determination regarding Golatt's parole eligibility date was not arbitrary or

5

capricious or violative of any constitutional or statutory provision.[2] See *Robinson*, 383 So.3d at 192-93.

## CONCLUSION

For these reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to appellant, Angelo Golatt.

**AFFIRMED.**

---

[2] We disagree with Golatt's contention in his brief that *State v. O'Keefe*, 19-0608 (La. 1/14/20), 286 So.3d 1046 (*per curiam*), addressed the same issue presented by this case and, therefore, is applicable herein. In *O'Keefe*, 286 So.3d at 1046, the Louisiana Supreme Court ordered the "applicant" be given an opportunity to withdraw his guilty plea because the district court conceded it did not advise him of the parole eligibility provisions of La. R.S. 15:574.4, which required he serve a greater portion of the sentence without the benefit of parole than did the sentence imposed by the district court. Unlike the present case, *O'Keefe* did not involve a petition for judicial review of an administrative decision upholding the Department's determination of an inmate's parole eligibility date. *O'Keefe* arose in the context of a motion to withdraw a guilty plea, pursuant to which an evidentiary hearing was ordered. The issue presented therein was the validity of the inmate's guilty plea, not whether the Department had incorrectly determined his parole eligibility date. See *State v. O'Keefe*, 15-1101 (La. 6/17/16), 194 So.3d 1107 (*per curiam*) and *State v. O'Keefe*, 18-1610 (La. App. 1st Cir. 2/19/19), 2019 WL 669445 (unpublished writ action), writ granted in part, 19-0608 (La. 1/14/20), 286 So.3d 1046 (*per curiam*). Thus, the issues presented and the procedural posture of *O'Keefe* were entirely different than those in the instant proceedings for an administrative remedy.